```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


_____
                                    :
 KENNETH L. TAYLOR,                 :
                                    :   Civ. No. 05-1579 (WGB)
     Plaintiff,                     :
                                    :
 v.                                 :   MEMORANDUM OPINION
                                    :
 JO ANNE B. BARNHART,               :
 COMMISSIONER OF SOCIAL SECURITY,   :
                                    :
     Defendant.                     :
                                    :
_____:
```

APPEARANCES:

Philip Wolf, Esq.
228 Kings Highway E.
Haddonfield, NJ 08033
     Attorney for Plaintiff

Christopher J. Christie
United States Attorney
By: Arthur Swerdloff
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278-0004
     Attorney for Defendant

MEMORANDUM OPINION

WILLIAM G. BASSLER, Senior District Judge

Plaintiff, Kenneth L. Taylor, ("Taylor") brought an action seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for disability and income benefits. The Government, in opposition to Taylor, filed a motion to dismiss the case claiming that Taylor failed to bring his action within the time limit, specified in 42 U.S.C. § 405(g),[1] of sixty (60) days from the date of the final decision of the SSA, January 7, 2005. In reply, Taylor maintained that his action was timely, having been filed within sixty (60) days of January 13, 2005, the only date stamped on the copy upon which he relied in filing his action. Taylor claims that if his reliance on the date of January 13, 2005 was in error, it constitutes good cause for equitable tolling of the filing deadline under 20 C.F.R. § 404 as an unusual or unavoidable circumstance.

After consideration of the circumstances in this case, the Court concludes that there is no basis for equitable tolling and the Court **grants** the Government's motion to dismiss.

---

[1] Section 405(g) provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

BACKGROUND:  On September 30, 2001, Taylor filed applications for Social Security Disability Benefits and Supplemental Security Income which were denied by the SSA.  Taylor subsequently filed a timely Request for Reconsideration which also was denied.  Taylor then filed a timely Request for Hearing before an administrative law judge ("ALJ").  The hearing was held, and the ALJ issued a decision denying Taylor's appeal, which prompted Taylor to file a timely Request for an Appeals Council Review; this, too, was denied.  Taylor appealed the ALJ's decision to the District Court of New Jersey by filing a Civil Action Complaint.  His Complaint was stamped as "received" on March 21, 2005 by the "Clerk U.S. District Court."  In response, the Government filed a Motion to Dismiss Taylor's Complaint as untimely on the ground that it is barred by the sixty (60) day limit specified in 42 U.S.C. § 405(g) because it was filed sixty-seven (67) days after Taylor received the final decision of the Appeals Council.

The Government contends that the Appeals Council Notice advised Taylor that he has a right to commence a civil action within 60 days of receipt of the Notice; because the notice was dated January 7, 2005, to be timely, Taylor's Complaint had to be filed not later than March 14, 2005,[2] 60 days from January 12,

---

[2] 20 C.F.R. 422.210(c) provides that the appeal "must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the

-3-

the date on which Taylor is presumed to have received the notice.

In its Motion to Dismiss, the Government relies on the May 10, 2005 declaration of Robin M. Marquis ("Marquis")[3] in which she states that the Notice[4] was mailed on January 7, 2005 to Taylor, with a copy to Taylor's attorney,[5] advising Taylor of his right to commence a civil action within sixty (60) days.  In her declaration, Marquis also states that, to her knowledge, Taylor did not request an extension of time in which to file his Complaint with the District Court.

Taylor asserts that no date is legible on the copy of the Notice which the Government attached as Exhibit Two, but the date of January 13, 2005 appears clearly on the copy of the Notice

---

individual," and that for the purposes of computing the deadline, "the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

[3]Marquis is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Hearing and Appeals, Social Security Administration

[4]The Government attached a copy of the Notice of Appeals Council Action to Marquis' May 10, 2005 declaration as Exhibit Two.

[5]Exhibit 2, Notice of Appeals Council Action, attached to Marquis' declaration, is addressed to Kenneth J. Taylor at 929 Kensington Avenue, Plainfield, NJ 07060 and shows a copy (designated as cc:) to Samuel Gaylord, Esquire at PO BOX 5315, Princeton, NJ 08543.

that was provided to his current attorney.[6] Taylor asserts that he relied on the January 13 date because it is the only date that is visible.  Based on the date of January 13, Taylor argues that he is entitled to a presumption that he received the Notice five days later, on January 18, 2005, so that an appeal filed up to March 21, 2005 would be timely.[7]  Because his Civil Complaint was dated March 18, 2005 and stamped as "received" by the Clerk of the U.S. District Court on March 21, 2005 at 11:27 A.M., Taylor asserts that his appeal to the District Court is timely.

According to Taylor, if his reliance on the January 13 date was in error, it should be considered under 20 C.F.R. § 404.911 as an unusual or unavoidable circumstance constituting good cause to grant an extension of time because his reliance prevented him from filing a timely appeal.

ANALYSIS:  Taylor's argument fails.  First, Taylor incorrectly asserts that the date stamped on Exhibit Two which is attached to the May 10 Marquis declaration is "clearly illegible."  On

---

[6] As an exhibit attached to the Memorandum in Opposition to Motion to Dismiss, Taylor submits a copy of the Notice which shows a date of January 13, 2005 stamped to the right of, and at an angle to, the document's title, "Notice of Appeals Council Action."

[7] Sixty days from the presumed delivery date of January 18, 2005 would be March 19, 2005.  Because March 19 was a Saturday, a non-business day, the filing deadline would be extended to the next business day, Monday, March 21, 2005.

Exhibit Two, the stamp of the day as "**7**" and the stamp of the year as "**2005**" are clearly legible, although the stamp of the month as "**JAN**" is light and somewhat difficult to read.

Second, Taylor asserts that January 13, 2005 is the only visible date on the copy of the Notice which was provided to his counsel and that, on that copy, the January 7, 2005 date stamp cannot be seen at all.  It is clear, though, that this particular copy has been altered because the top, center area contains some handwritten figures and dates; these figures and dates are not apparent on the copy attached to the Marquis declaration.  It is unfortunate that Taylor chose to rely on an inferior and altered substitute copy that was provided to his current attorney.  There is no doubt that Taylor was the addressee on the original Notice and that he received his copy of the Notice at his home address.  Taylor does not assert otherwise.  His copy would not have contained the extraneous figures and dates; at the worst, the date would have been partially illegible.

Regardless of the copy referred to, though, the instructions on page two of all the copies are the same.  The instructions make clear that the date on the document is important in filing a civil action:

- **You have 60 days to file a civil action (ask for court review).**
- **The 60 days start the day after you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did**

-6-

**not receive it within the 5-day period.**

If the date stamp on Taylor's copy of the Notice was even partially illegible, or if the Notice contained no date stamp at all, it is reasonable to expect that Taylor would call, or visit, the Social Security Office to verify the date or the filing deadline.  He did not do so.  He claims only that his reliance on the altered copy of the Notice amounts to good cause to grant an equitable tolling of his filing deadline.

The Supreme Court of the United States has held that equitable tolling principles are applicable to the 60-day appeal window set forth in 42 U.S.C. § 405(g)where denial of benefits is made pursuant to an unlawful and unpublished policy of the SSA, preventing claimants from knowing about a violation of their rights.  *Bowen v. City of New York,* 476 U.S. 467 (1986).  There is no doubt that Taylor was provided with clear instructions on how and when to file an appeal.  He does not assert otherwise.  His claim is based strictly on his reliance on an erroneous date.

In 1994, the Third Circuit Court of Appeals explained three situations in which equitable tolling exception may be applied:

1. where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action;
2. where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or
3. where the plaintiff has timely asserted his or her

-7-

      rights mistakenly in the wrong forum.
*See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380 at 1387.

    The Supreme Court warns, though, that equitable tolling is "to be applied sparingly." *See Nat'l. R.R. Passenger Corp. v Morgan,* 536 U.S. 101, 122 (2002).

    Additionally, the Third Circuit has made clear that the plaintiff bears "the burden of establishing the equitable tolling exception." *See Courtney v. La Salle Univ., 124 F.3d 499, 505 (1997).*

    Taylor has not met his burden to establish equitable tolling. He was not actively misled; the Notice clearly outlines what he needed to do and by when he needed to do it. Taylor was not prevented in any way from asserting his right to file an appeal within the 60-day limitation, or from requesting an extension of time in which to file an appeal. Nor did Taylor mistakenly file his appeal, or his request for an extension, in the wrong forum. In fact, Taylor did not file a request for an extension in accordance with the instructions[8] provided in the

---

    [8]These instruction are in accord with 42 U.S.C. § 405(g) which provides, in part, that:
    Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such time as the Commissioner of Social Security may allow.

Notice.[9]

Because Taylor failed to file a request for extension of time in which to file the civil action, he is bound by the 60-day period specified in 42 U.S.C. § 405(g).  Taylor failed to take any action that may have preserved his rights even though he personally received the Notice which specifically informed him of the 60-day filing window.  It is not persuasive that he mistakenly relied on an inferior and altered copy of the Notice that was provided to his current attorney instead of the copy that was mailed to him.

Dismissal must be granted.  Considering that Taylor missed the deadline by only seven (7) calendar days, dismissal may seem to be a harsh penalty, but federal courts consistently have strictly construed the 60-day time limit, dismissing complaints filed even one day beyond the filing deadline.  *See, e.g., O'Neill v. Heckler,* 579 F.Supp. 979 (E.D.Pa. 1984); *Chiaradonna*

---

[9]The instructions in the Notice provide:
If you cannot file for court review within 60 days, you may ask the Appeals Council to extend you time to file.  You must have good reason for waiting more than 60 days to ask for court review.  You must make the request in writing an give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top this notice.  Please put the Social Security number(s) also shown at the top of this notice on your request.  We will send you a letter telling you whether your request for more time has been granted.

*v. Schweiker,* 569 F.Supp. 1471 (E.D.Pa. 1983); *Wiss v. Weinberger,* 415 F.Supp. 293 (E.D.Pa. 1976); *Gaither v. Gardner,* 295 F.Supp. 458 (Md. 1969); *Zeller v. Folson,* 150 F.Supp. 615 (S.D.N.Y. 1956); *Worthy v. Heckler,* 611 F.Supp. 1041 (E.D.N.Y. 1982); *Palucis v. Schweiker,* 523 F.Supp. 199 (W.D.Pa. 1981); *Sverha v. Mathews,* 408 F.Supp. 1064 (W.D.Pa. 1976).

"[F]iling of an untimely action cannot invest this Court with jurisdiction to review the Secretary's final decision." (*Palucis,* 523 F.Supp. at 200.)  Accordingly, this Court will file an appropriate Order dismissing Taylor's complaint.

DATED:     November 18, 2005


                                    William G. Bassler
                              William G. Bassler, U.S.S.D.J.